IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT L. MCCLENDON,** | § | **JURY DEMAND** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

COMES NOW Robert L. McClendon ("Plaintiff") by and through his undersigned counsel, files this his Original Complaint against Defendant, United States of America ("Defendant"), and alleges as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a citizen of the United States and a resident of the State of Texas with his principal residence at 10 Placido Way Ct., Missouri City, Texas 77459.

2. The Defendant is the United States of America and may be served by mailing two copies of this Original Complaint by certified mail to Kenneth Magidson, United States Attorney for the Southern District of Texas, Attention Civil Process Clerk, 1000 Louisiana, Suite 2300, Houston, TX 77002; and mailing two copies of this Original Complaint by certified mail to the Honorable Loretta E. Lynch, Attorney General for the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

3. This Civil Action against the United States is for a refund of amounts paid to the Internal Revenue Service under IRC § 7422.

4. This Court has Jurisdiction pursuant to 28 U.S.C. § 1340 and § 1346, and venue is proper under 28 U.S.C. § 1402.

## II. STATEMENT OF CLAIM

5. On or about October 5, 2012, Plaintiff filed a Claim for Refund and Request for Abatement ("Request" or "Claim") with the Austin Service Center.

6. The Request was for the refund of $87.94, and by implication, the abatement of $246,871.99 for 6672 Civil Penalties ("Civil Penalty") wrongfully imposed against the Plaintiff for the taxable period ending September 30, 2004. Attached as Exhibit A is a true and correct copy of the claim.

7. More than six months have passed since the filing of Plaintiff's claim for refund, and the claim for refund has not been processed by the IRS. 26 U.S.C. § 6532.

8. The IRS may not assess the Civil Penalty against a taxpayer that was neither a responsible party, nor willful in a failure to pay tax owed to the IRS. 26 U.S.C. § 6672. Assessment requires that both elements be met.

   (a) Taxpayer is a physician and has practiced medicine since the 1970's.

   (b) Taxpayer retained the law firm of Fulbright & Jaworski to form Family Practice Associates of Houston ("FPA"), a Professional Association, on March 1, 1979, which is the company responsible for the taxes owed for the period ending September 30, 2004.

   (c) Richard T. Stephen, Jr., CPA was hired by FPA in 1995 and served as the Chief Financial Officer.

(d) Up through 1995, prior to Stephen's employment, all 1120 corporate income tax returns and 941 employment tax returns were filed and paid on a timely basis.

(e) As Chief Financial Officer, Stephen's role was to manage the non-medical part of the practice so the respective doctors could focus on practicing medicine.

(f) Stephen's non-medicals duties in FPA included but were not limited to: (1) Handling the financial affairs; (2) Handling the accounting and reconciling bank accounts; (3) Responsible for bank deposits; (4) Paying the bills, preparing and signing checks; (5) Handling payroll; preparing the checks and signing checks, preparing, signing and making payroll tax deposits; (6) Preparing, signing and filing 941 payroll tax returns; (7) Preparing, signing and filing Form 940's and W-2's; (8) Preparing, signing and filing 1120's; (9) Managing non-medical parts of business; (10) Negotiating managed care contracts; (11) Coordinating with insurance companies; (12) Coordinating with Medicare/Medicaid; (13) Negotiating Hospital Guarantees; (14) Drafting physician contracts; (15) Interfacing with hospital legal staff; (16) Handling billings and accounts receivable; (17) Calculating physician monthly collections and calculated compensation; (18) Advising members of financial condition; and (19) Negotiating leases and vendor terms.

(g) Taxpayer's duties were those of President and as a Medical Director. His duties included: (1) Interviewing nurses and doctors; (2) Hiring nurses and doctors subject to approval of the Board of Directors; (3) Terminating nurses and doctors subject to approval of the Board of Directors; (4) Overseeing Doctor's practices;

(5) Insuring medical insurance requirements;  (6) Overseeing electronic medical records and insuring proper recording;  (7) Training new doctors;  (8) Training new nurses;  (9) Conducting weekly staff meeting of doctors.

      (h)     From 1995 through May 2009, Taxpayer did not authorize payment of bills or creditors, open or close bank accounts; authorize payroll; authorize or make federal tax deposits; prepare, review, sign or transmit payroll tax forms.  All such duties were the responsibility of Rick Stephen, CPA, and Chief Financial Officer.

      (i)     Taxpayer had no knowledge payroll taxes were not being remitted until after May 11, 2009.  Prior to such time, taxpayer had no knowledge payroll taxes were not being paid.

      (j)     Taxpayer and the Board of Directors had been informed by Richard T. Stephen, Jr., CPA on an ongoing basis that the business was doing fine financially and tax reporting requirements and payments were being made.

      (k)     Taxpayer never received any IRS notices on or prior to May 11, 2009 that any taxes were owed to the IRS and there is no evidence any IRS notices were ever sent by the IRS.

      (l)     Taxpayer has always timely filed and paid his personal taxes.

      (m)     Third party reviews of FPA never indicated any taxes remained unpaid.

      (n)     Subsequent to May 11, 2009, the members of FPA learned that Richard T. Stephen, Jr., CPA was misappropriating funds from FPA and had been for numerous years.

      (o)    An insurance claim for employee theft was filed and has been paid at policy limits of $250,000.00 and such funds have been paid to the Internal Revenue Service.

      (p)    A complaint was filed with the Sugar Land Police Department in the summer of 2009 and a meeting took place with the Fort Bend County District Attorney's Office in May, 2009 regarding the employee theft.

      (q)    Richard T. Stephen, Jr., CPA has been indicted on three first degree felonies, each in excess of $200,000.00, being Misappropriation of Funds/Fiduciary Duty, Theft of Property and Money Laundering.

9.    The failure of FPA to withhold and remit the Trust Fund taxes was solely attributable to Richard T. Stephen, Jr., CPA.  Thus, Mr. McClendon was not a responsible party and did not willfully fail to remit funds due to the IRS.

10.    Mr. McClendon is entitled to a refund of $87.94 and an abatement of $246,871.99 plus statutory interest for the taxable period ending September 30, 2004.

### III. PRAYER

For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. That Plaintiff recover the $87.94 paid by him to the Internal Revenue Service for the taxable period ending September 30, 2004 and abate $246,817.99 plus statutory interest and other such relief as is just;

b. That Plaintiff recover his attorney's fees incurred as a result of this lawsuit;

c. That Plaintiff be found not liable as a responsible person under 26 U.S.C § 6672;

d.  The Plaintiff be found not to have willfully failed to collect, truthfully account for, or pay over payroll tax withholding, or willfully attempted in any manner toe vade or defeat payroll tax withholding or the payment thereof under 26 U.S.C § 6672;

e.  Plaintiff recover administrative costs and litigation costs pursuant to 26 U.S.C. § 7430(a); and

f.  Plaintiff be granted such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

Dated:  September 14, 2015

By: /s/ Dean A. Hrbacek
Dean A. Hrbacek
State Bar No. 10128800
Fed No. 6698
Hrbacek Law Firm, P.C.
130 Industrial Blvd., Suite 110
Sugar Land, Texas 77478
Phone No.: (281) 240-2424
Fax No.: (281) 240-7089

By: /s/ David Freshwater
David Freshwater
State Bar No. 24069738
Fed No. 2599219
Hrbacek Law Firm, P.C.
130 Industrial Blvd., Suite 110
Sugar Land, Texas 77478
Phone No.: (281) 240-2424
Fax No.: (281) 240-7089
**ATTORNEYS FOR PLAINTIFF**