United States District Court
Southern District of Texas
**ENTERED**
November 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT L. McCLENDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2664 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Dr. Robert McClendon sued the United States, seeking a tax refund for a penalty assessed under 26 U.S.C. § 6672 for unpaid employment taxes. The government moved for summary judgment. (Docket Entry No. 24). Based on the pleadings, motions, record, and applicable law, the government's motion is granted. The reasons are explained in detail below.

**I.   Background**

A brief recitation of the facts is enough. Dr. McClendon founded Family Practice Associates of Houston, a medical-services provider, in 1979. (Docket Entry No. 28 at 8).[1] In 1995, Family Practice hired Richard Stephen, Jr., as its Chief Financial Officer. (*Id.*). By 2009, Family Practice owed over $10 million in unpaid payroll and other withholding taxes. Dr. McClendon learned that these taxes were unpaid on May 11, 2009. (*Id.* at 10). Stephen pleaded guilty to three counts of felony theft of money that he embezzled from Family Practice. (*Id.* at 12-13).

Family Practice stopped operating and remitted its remaining receivables to the IRS to pay

---

[1] This recitation is drawn primarily from McClendon's characterization of the facts, as expressed in his opposition to the government's motion for summary judgment.

toward the tax liability. (*Id.*). Dr. McClendon made a $100,000 personal loan to Family Practice "for the restricted purpose of . . . using the funds to pay the May 15, 2009 payroll." (*Id.*). Family Practice used that loan to pay its employees. (Docket Entry No. 24-3, Exh. 2 at 7) (McClendon deposition).[2]

McClendon was assessed a total of $4,323,343.70 in tax penalties under 26 U.S.C. § 6672. (Docket Entry No. 24-4, Exh. 3). He paid a small part, then sued for a refund and abatement of the remaining penalty amount. (Docket Entry No. 1). After discovery, the government moved for summary judgment. (Docket Entry No. 24).

## II.   The Applicable Legal Standards

### A.   Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[2] The government identifies several other Family Practice payments to nongovernment entities that it claims demonstrate that summary judgment is proper. Because the court finds that the transaction described above amply supports granting summary judgment for the government, the other asserted bases are not addressed.

2

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*,

783 F.3d at 536.

### B. Trust-Fund Recovery Penalties under 26 U.S.C. § 6672

Employers are required to withhold their employees' share of federal social security and income taxes from the employees' wages. See 26 U.S.C. §§ 3102(a), 3402(a). The employer holds these "trust fund taxes" in trust for the benefit of the United States. *See Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978) (citing 26 U.S.C. § 7501(a)); *Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1453 (5th Cir.1993); *Howard v. United States*, 711 F.2d 729, 733 (5th Cir.1983). To ensure that the taxes are remitted to the United States, 26 U.S.C. § 6672(a) imposes a penalty equal to the entire amount of the unpaid taxes:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . . .

"Liability under § 6672 thus is composed of two elements: (1) that the taxpayer was a 'responsible person,' and (2) that the taxpayer willfully failed to collect, account for, or pay over such taxes." *Conway v. United States*, 647 F.3d 228, 232 (5th Cir.2011) (citation omitted); *Barnett*, 988 F.2d at 1452.

*Arriondo v. United States*, No. CV H-14-2734, 2016 WL 3982526, at *8 (S.D. Tex. July 22, 2016) (Lake, J.).

McClendon concedes that he was a "responsible person" within the statute. (Docket Entry No. 28 at 6 n.1). The only issue is whether he willfully failed to collect, account for, or pay taxes that Family Practice owed to the IRS. "[O]nce an assessment of penalty taxes is made and it is established that the taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer." *Mazo v. United States*, 591 F.2d 1151, 1155 (5th Cir. 1979).

A responsible person has a duty to ensure that a taxpayer's unencumbered funds are used to pay back taxes it owes the IRS, rather than to pay other creditors. "Willfulness under § 6672

requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent." *Barnett*, 988 F.2d at 1457. "A considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the taxes are due, is all that is required . . . ." *Id.* (quoting *Howard v. United States*, 711 F.2d 729, 736 (5th Cir. 1983)). "Willfulness is normally proved by evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time to the United States." *Id.* Payment of wages to employees counts as a payment to a creditor for purposes of this principle. *Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999). "If a responsible person knows that withholding taxes are delinquent, and uses corporate funds to pay other expenses*, even to meet the payroll out of personal funds he lends the corporation*," he has acted willfully within the meaning of the statute. *Phillips v. U.S. I.R.S.*, 73 F.3d 939, 942 (9th Cir. 1996) (emphasis added).

The Fifth Circuit has consistently recognized that it is possible for a responsible person to evade a willfulness finding by demonstrating "reasonable cause" to pay a creditor and not the IRS. *Newsome v. United States*, 431 F.2d 742, 746 (5th Cir. 1970). To say that the defense is "exceedingly limited" is an understatement. In this circuit, no taxpayer appears to have successfully demonstrated "reasonable cause." And the defense is not even available to a "responsible person who knew that the withholding taxes were due, but who made a conscious decision to use corporate funds to pay creditors other than the government." *Logal*, 195 F.3d at 233.

### III. Analysis

Summary judgment for the government is proper because the undisputed facts show that, as a matter of law, Dr. McClendon acted willfully. After Dr. McClendon knew that Family Practice owed back taxes, he loaned Family Practice money to make payroll. Family Practice used that

5

money to pay its current payroll obligation to its employees rather than to pay the taxes it owed. Dr. McClendon makes two arguments for why this does not create liability under § 6672. Neither is persuasive.

Dr. McClendon first argues that because he loaned the money to Family Practice on the understanding that it could use the money only to cover payroll, the funds were "encumbered." Willfulness is shown as a matter of law only by evidence that a responsible person directed "unencumbered" funds to a creditor other than the government. (Docket Entry No. 24-25).

Funds are "encumbered" when "the taxpayer's discretion in the use of funds is subject to restrictions imposed by a creditor holding a security interest in the funds [. . . that] is superior to any interest claimed by the IRS. Funds "are regarded as encumbered if those restrictions preclude a taxpayer from using the funds to pay the trust fund taxes." *Barnett v. I.R.S.*, 988 F.2d 1449, 1458 (5th Cir. 1993) (adopting the Eighth Circuit definition of "unencumbered" funds stated in *Honey v. United States*, 963 F.2d 1083 (8th Cir.1992)).

Dr. McClendon seizes on this language to argue that because he loaned the money to Family Practice with the express restriction that it could use the money only to cover payroll, the funds were "encumbered." He argues that this "restriction" from the lender was an "encumbrance" legally sufficient to shield him (as lender) from liability for Family Practice's use of the money to pay the employees' wages and salaries, rather than to pay the government.

The *Barnett* court incorporated the Eighth Circuit's analysis of "encumbrances," citing *Honey* as authority. *Barnett*, 988 F.2d at 1458; *see also* Conway, 647 F.3d at 237 (citing *Honey* for the proposition that funds are encumbered "only where the taxpayer is legally obligated to use the funds for a purpose other than satisfying the preexisting employment tax liability and if that legal

6

obligation is superior to the interest of the IRS in the funds"). As the Sixth Circuit has persuasively explained in following and in applying *Honey*, that case does not stand for the proposition that a responsible person can shield himself from liability by entering into preferential lending arrangements, in which the person voluntarily assumes a contractual obligation to pay some set of creditors before paying the government. *Bell v. United States*, 355 F.3d 387, 396 (6th Cir. 2004). Voluntarily assumed contract obligations to use certain funds for a specific purpose are not the sort of "legal obligation . . . superior to the interest of the IRS" that *Honey* contemplated. *Id.* The Sixth Circuit concluded that:

> [c]orporate funds should not be considered encumbered simply because a contractual obligation with a lender or other creditor impacts a company's ability to use its assets, receivables, or loan advances with complete freedom. If this were the case, then nearly every responsible person involved with a failing company in the midst of credit problems or intricate loan arrangements would be able to avoid a finding of willfulness and thus evade liability. Such a result would undermine the purpose of § 6672 in assuring that trust fund taxes are paid to the government.

*Id.* The reasoning in *Bell* is persuasive. Dr. McClendon testified that his purpose in lending the money was to provide money that Family Practice could use to pay certain creditors (its employees) on a preferential basis, rather than paying the government. (Docket Entry No. 24-3, Ex. 2 at 7). The funds were not "encumbered" in the relevant sense, and Dr. McClendon's argument fails.

Dr. McClendon also argues that he had reasonable cause to provide a way to pay the employees because "he acted morally and generously in using his own money to make sure Family's staff . . . were paid for the work they had performed. . . ." (Docket Entry No. 28 at 26). Fully accepting as a fact that Dr. McClendon's motives were admirable does not make that fact legally relevant. Dr. McClendon provides no authority for holding that a taxpayer who consciously decides to use unencumbered funds to pay a creditor other than the government had reasonable cause to do

7

so because the taxpayer had good motives. The Fifth Circuit has made clear that a taxpayer who consciously decides to use unencumbered funds to pay a creditor other than the government cannot benefit from the reasonable-cause defense. *Logal*, 195 F.3d at 233. There is no basis for a different result here.

## IV. Conclusion

The government's motion for summary judgment is granted. Final judgment in the government's favor will be entered by separate order.

SIGNED on November 17, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge