United States District Court
Southern District of Texas

**ENTERED**

March 06, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT L. McCLENDON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2664 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION AND
CERTIFYING APPEAL UNDER FED. R. CIV. P. 54(B)**

Dr. Robert McClendon sued the United States, seeking a tax refund for a $4,323,343.70 penalty assessed against him under 26 U.S.C. § 6672 for unpaid employment taxes. The government moved for a summary judgment finding that Dr. McClendon owed $4,323,343.70 plus pre- and post-judgment interest. The court found that uncontroverted summary judgment evidence demonstrated that Dr. McClendon knew of the unpaid tax liability when he caused his medical practice to pay its employees rather than the IRS. The court found that Dr. McClendon was a responsible person who had willfully violated his duty to pay the taxes due and entered judgment that he owed the full penalty amount. (Docket Entry No. 33). Dr. McClendon has moved for reconsideration, (Docket Entry No. 38), arguing for the first time that his personal liability was limited to $100,000, the amount of the preferential payment that was the basis of the court's willfulness finding. The government responded, and Dr. McClendon replied. (Docket Entries No. 41, 42).

Based on the briefs, the summary judgment record, and the applicable law, the motion for reconsideration is denied. The reasons are set out below.

**I.     The Legal Standard for a Motion for Reconsideration**

1

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *eTool Development, Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748–49 (E.D. Tex. 2012).

A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

## II.    Analysis

2

The court rejects Dr. McClendon's argument that his liability is limited to the $100,000 preferential payment, for two independent reasons.  First, Dr. McClendon could and should have raised the argument in the summary judgment briefing, and it therefore is not appropriately raised in this motion to reconsider.  And second, even if the argument was properly before the court, Dr. McClendon had the burden of proof on the issue of the availability of funds.  He had the burden to come forward with competent summary judgment evidence that would prove up the funds available to his medical practice and demonstrate the absence of sufficient unencumbered funds to cover the practice's tax liability.  He did not do so.

### a.      The argument for reconsideration is not properly raised.

Dr. McClendon has been on notice since before this lawsuit began of the government's position was that he is personally liable for over $4 million, the amount the IRS assessed against him.  The government's position in this litigation has been equally clear.  In its counterclaim against Dr. McClendon, the government sought judgment for the full IRS tax penalty.  (Docket Entry No. 5).  The proposed order filed with the government's motion for summary judgment similarly sought the full penalty amount.  (Docket Entry No. 24-18).  Dr. McClendon knew that the government sought over $4 million, and he could and should have raised his current argument in his response in opposition to the government's summary judgment motion.

Dr. McClendon did not raise his current argument before asking the court to reconsider its grant of the government's summary judgment motion.  Instead, in his opposition to the summary judgment motion, Dr. McClendon relied on the argument that he did not act willfully at all.  His summary judgment brief did not contain any arguments at all on whether he owed the full penalty amount regardless of the court's willfulness finding.

3

Because Dr. McClendon could and should have raised this argument in his response to the government's motion for summary judgment, he cannot raise it for the first time in this motion for reconsideration. *Azurix Corp.*, 332 F.3d at 863–64. While this is an independent and sufficient reason for the court to deny the motion, Dr. McClendon's argument also fails on the merits.

      **b.**      **McClendon's argument fails on the merits.**

In a tax-refund case in which the government puts an IRS penalty assessment in evidence, the plaintiff-taxpayer has the burden to prove that he or she was not a responsible person or did not willfully fail to pay the taxes owed. *Barnett v. I.R.S.*, 988 F.2d 1449, 1453 (5th Cir. 1993). The "burden of proving that [the responsible person] did not control sufficient funds to pay the tax liability" is on the taxpayer. *Morgan v. United States*, No. CIV. CA3-88-0564-D, 1990 WL 39106, at *2 (N.D. Tex. Jan. 25, 1990), *adopted by and reprinted at* 937 F.2d 281 (5th Cir. 1991) (per curiam); *see also United States v. Kim*, 111 F.3d 1351, 1359 (7th Cir. 1997) ("The taxpayer bears the burden of proving that no unencumbered funds were available to satisfy the delinquency . . . ."); *Barnett*, 988 F.2d at 1458*; Honey v. United States*, 963 F.2d 1083, 1091 (8th Cir. 1992).

At the summary judgment stage, as now, Dr. McClendon did not try to prove up the funds available to Family Practice or show that whatever funds existed were encumbered so that he had no obligation to pay them to the IRS. Instead, he effectively argues that, at summary judgment, it was the government's burden to demonstrate his liability for each dollar of the penalty. Not so. Dr. McClendon was presumptively liable for the balance of the IRS penalty assessed against him. The government moved for summary judgment and argued that the evidence did not create a genuine factual dispute material to deciding whether the IRS penalty was properly assessed. That discharged the government's summary judgment burden. Dr. McClendon, who would bear the burden at trial,

then had the burden to submit or identify record evidence showing that he was not liable.  *See Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).  It was not the government's job to prove that Dr. McClendon had sufficient funds to cover the tax obligation but chose not to pay.  Just the opposite.  It was Dr. McClendon's job to disprove the presumption that he was liable for the penalty by accounting for Family Practice's funds and demonstrating that they could not cover the tax obligation.

Dr. McClendon's citation to *Barnett* is inapposite.  In that case, the taxpayer seeking a refund had proved up at trial the universe of funds available to the company and demonstrated that there was not enough money to cover part of the tax obligation.  The Fifth Circuit held that the government was not entitled to judgment notwithstanding the verdict as to that portion.  *Barnett*, 988 F. 2d at 1450, 1459.  Dr. McClendon has not met his burden here.  He is not entitled to reversal or modification of the court's judgment against him.

## III.    Conclusion

For the reasons stated in this order and in the memorandum and opinion granting summary judgment for the government, Dr. McClendon's motion for reconsideration, (Docket Entry No. 38) is denied.  The court finds and concludes that there is no just reason for delaying Dr. McClendon's

appeal until the government's counterclaim against Richard Stephen is resolved.  Therefore, the

5

court certifies the grant of summary judgment and denial of the motion for reconsideration for an immediate interlocutory appeal under Federal Rule of Civil Procedure 54(b).

SIGNED on March 6, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge