IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT L. MCCLENDON, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-15-2664 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In this tax-refund case, the government asserted a counterclaim against Richard T. Stephen, Jr., for the unpaid balance of a tax assessment levied against him and Dr. Robert L. McClendon. (Docket Entry Nos. 15, 16, 17). The government moved for summary judgment on the counterclaim. (Docket Entry No. 66). Stephen has not responded. Based on the pleadings, motion, record, and applicable law, the government's motion is granted. The reasons are explained in detail below.

**I.    Background**

The facts are largely undisputed. Dr. McClendon founded Family Practice Associates of Houston, a professional medical association, in 1979. (*Id.* at 1, 3). Stephen was the chief financial officer of Family Practice from 1995 to 2009. (Docket Entry No. 66-4 at 9: 12–20, 31: 8–9). Stephen ran Family Practice's day-to-day operations, managed Family Practice's finances, controlled the company's bank accounts, was responsible for preparing and filing payroll-tax returns, maintained Family Practice's books and records, paid creditors and determined the order of payment, and was authorized to hire and fire employees. (Docket Entry No. 66-3; Docket Entry

1

No. 66-4 at 9–10, 14–16, 19–20, 23, 40; Docket Entry No. 66-6 at 2–5)

Family Practice began to accumulate tax debt in 2003. (Docket Entry No. 66-4 at 10: 10–16). By 2009, Family Practice owed over $11 million in employee payroll taxes. (Docket Entry No. 66 at 1). Stephen knew of Family Practice's failure to file corporate tax returns or to make federal-tax deposits. (Docket Entry No. 66-4 at 10: 5–22, 16: 8–18; Docket Entry No. 66-6 at 2–3). From 2003 to 2009, Stephen paid Family Practice's creditors, other than the government, after learning of the unpaid tax debt. (Docket Entry No. 66-4 at 19: 9–23; Docket Entry No. 66-6 at 2).

In 2011, the Internal Revenue Service assessed $4,323,343.70 in trust-fund-recovery penalties against Stephen under 26 U.S.C. § 6672, alleging that he was liable for Family Practice's failure to pay federal payroll taxes from July 2003 to December 2008.[1] (Docket Entry No. 66 at 1). The government also assessed penalties against Dr. McClendon who, after paying a nominal portion of the assessment, sued the government for a refund of the amount paid and an abatement of the penalties. (Docket Entry No. 1). The government counterclaimed against Dr. McClendon and Stephen to recover the assessments. (Docket Entry Nos. 5, 17).

After discovery, the government moved for summary judgment on the counterclaim against Stephen. (Docket Entry No. 66). The government argues that the undisputed facts show that Stephen is liable under § 6672 to pay the trust-fund-recovery penalties because he was a "responsible person" who "wilfully" failed to deposit Family Practice's payroll taxes. (*Id.* at 2–3). Stephen failed to respond to the government's motion.

---

[1] In 2013, Stephen pleaded guilty in Texas state court to three counts of felony theft of money that he embezzled from Family Practice. (Docket Entry No. 66 at 4).

## II. The Standard of Review

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (quotation omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014)). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if "its resolution could affect the outcome of the action." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767

F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *see Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The court draws all reasonable inferences in the light most favorable to the nonmoving party. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

## III.  Analysis[2]

Businesses must withhold from employees' earnings the amount each employee owes for federal social security and income taxes. 26 U.S.C. §§ 3102(a), 3402(a). Employers hold the funds "in trust" for the government. 26 U.S.C. § 7501(a). "Such funds, which are remitted to the government on a quarterly basis, are for the exclusive use of the United States and are not available

---

[2] The summary judgment evidence includes: the declaration of Jon Fisher, the trial attorney assigned to this case from the Department of Justice, Tax Division, Southwestern Civil Trial Section, (Docket Entry No. 66-1); the signature card for Family Practice's account with Southern National Bank of Texas, (Docket Entry No. 66-3); Stephen's deposition testimony, (Docket Entry No. 66-4); certified Forms 4340 of the trust-fund-recovery penalties assessed against Stephen, (Docket Entry No. 66-5); Stephen's responses to the government's request for admissions, (Docket Entry No. 66-6); and the first pages of Family Practice's bank statements for its account with Prosperity Bank, (Docket Entry No. 66-7).

to cover operational or business expenses." *Verret v. United States*, 542 F. Supp. 2d 526, 533 (E.D. Tex. 2008) (citing 26 U.S.C. §§ 3102(b), 3403, 7501(a)). "[T]he funds accumulated during the quarter can be a tempting source of ready cash to a failing corporation beleaguered by creditors." *Slodov v. United States*, 436 U.S. 238, 243 (1978). "Failing to withhold or remit the funds can result in civil and criminal penalties." *McClendon v. United States*, 892 F.3d 775, 782 (5th Cir. 2018) (citing 26 U.S.C. §§ 6672, 7202)).

The government seeks to recover the penalties assessed against Stephen under § 6672, which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Instead of punishing the business entity, § 6672 penalizes "officer[s] or employee[s who are] under a duty to" collect, account for, and pay the tax. 26 U.S.C. § 6671(b). To establish liability, the government must prove that the officer or employee "is a 'responsible person' who 'willfully' failed to pay over the withheld taxes." *Barnett v. I.R.S.*, 988 F.2d 1449, 1453 (5th Cir. 1993) (quoting *Turnbull v. United States*, 929 F.2d 173, 178 (5th Cir. 1991)).

"In § 6672(a) cases, once the [g]overnment offers an assessment into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness." *Id.* (citing *Morgan v. United States*, 937 F.2d 281, 285 (5th Cir. 1991)). "This rule applies when," as here, "the [g]overnment [seeks] to convert the assessment into a judgment." *McClendon*, 892 F.3d at 783.

### A. Stephen is a "Responsible Person"

The Fifth Circuit "generally takes a broad view of who is a responsible person under §

6672." *Gustin v. I.R.S.*, 876 F.2d 485, 491 (5th Cir. 1989). Responsibility "is determined by looking to one's status within a corporation—that is, one's duty and authority to withhold and pay taxes." *Barnett*, 988 F.2d at 1454. It "does not require knowledge that one has that duty and authority." *Id.* Because responsibility does not turn on actual knowledge, an individual "may be a responsible person . . . even though he does not know that withholding taxes have not been paid, and he does not cease to be a responsible person merely by delegating the responsibility to others." *Id.* at 1454–55. Indicia of responsible-person status, none of which is dispositive, include whether the individual: (1) "is an officer or member of the board of directors"; (2) "owns a substantial amount of stock in the company"; (3) "manages the day-to-day operations of the business"; (4) "has the authority to hire or fire employees"; (5) "makes decisions as to the disbursements of funds and payment of creditors"; and (6) "possesses the authority to sign company checks." *Id.* at 1455.

While one individual might have more power than other directors, officers, or employees to withhold and pay taxes, "[t]here may be—indeed, there usually are—multiple responsible persons in any company." *Id.* The question is "whether the person had the effective power to pay the taxes." *McClendon*, 892 F.3d at 783 (quotation omitted). The issue here is whether Stephen did, or "by virtue of his position in [Family Practice], could have had[,] 'substantial' input into such decisions." *Barnett*, 988 F.2d at 1455.

The government argues that Stephen is a "responsible person" under § 6672 because, during the period at issue, he was Family Practice's chief financial officer. (Docket Entry No. 66 at 9). According to the government, "[i]n that role, he was an authorized check signer . . . and he was responsible for preparing and filing" corporate tax returns. (*Id.*). The government contends that Stephen concedes that he "was supposed to withhold and pay over the [payroll] taxes," and that "he

6

had the authority to decide which creditors of Family [Practice] got paid." (*Id.*). The government argues that Stephen also admits that he managed the business's daily operations and could hire and fire employees. (*Id.*).

Because the government submitted certificates of assessments showing the penalties levied against Stephen, (Docket Entry No. 66-5), he must raise a factual dispute material to his responsible-person status to survive summary judgment. *Barnett*, 988 F.2d at 1453. Stephen did not respond to the government's motion. A review of the record fails to identify a factual dispute material to determining whether Stephen is a "responsible person" under § 6672 during the period at issue. *Id.*; *Dowdy v. United States*, 564 F. Supp. 2d 628, 635–36 (E.D. Tex. 2005) (an individual was liable under § 6672 for failing to "present any evidence contradicting that he . . . was a responsible party").

The record evidence confirms that Stephen met five of the *Barnett* factors from July 2003 to December 2008, and that he had effective power to pay the tax. *Rogers v. United States*, No. H-13-3544, 2015 WL 1472342, at *4 (S.D. Tex. Feb. 11, 2015) ("[T]he Fifth Circuit has been clear that . . . the presence of one or more *Barnett* factors often indicates that an individual has actual authority to pay the taxes."). In deposition testimony and responses to interrogatories, Stephen concedes that he was Family Practice's chief financial officer, managed the company's daily affairs, had the authority to hire and fire employees, paid creditors and determined the order of payment, was an authorized signatory on Family Practice's accounts, and was responsible for payroll and filing corporate tax returns. (Docket Entry No. 66-3; Docket Entry No. 66-4 at 9–10, 14–16, 19, 23, 39–40; Docket Entry No. 66-6 at 2–5). Stephen admits that he determined Family Practice's financial policy and knew of the business's failure to satisfy its tax obligations. (Docket Entry No. 66-4 at 10: 5–22, 16: 8–18, 23: 15–16; Docket Entry No. 66-6 at 2–3). These undisputed facts show

7

that, as a matter of law, Stephen was a "responsible person" during the period at issue. *See Arriondo v. United States*, 196 F. Supp. 3d 708, 720–21 (S.D. Tex. 2016).

### B. Stephen was "Willful"

Responsible-person status is necessary, but not sufficient, to establish liability under § 6672. Liability attaches only if the responsible party's failure to pay taxes was willful. 26 U.S.C. § 6672(a); *see Barnett*, 988 F.2d at 1457. "Willfulness under § 6672 requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent." *McClendon*, 892 F.3d at 783 (quoting *Barnett*, 988 F.2d at 1457). It "may be proved by evidence that the responsible person (1) had actual knowledge that the business was delinquent on its withholding taxes but (2) used the business's unencumbered funds to pay the business's non-[Internal Revenue Service] creditors anyway."[3] *Id.*; *see Barnett*, 988 F.2d at 1457 ("A considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that taxes are due, is all that is required to establish willfulness."); *Rogers*, 2015 WL 1472342, at *7 ("Once a responsible individual knows that a company has unpaid withholding tax liabilities, he is required to use available funds to make up the unpaid taxes.").

The Fifth Circuit has broadly defined "creditors." For example, a responsible person's decision to pay salaries, utilities, rent, and outstanding loans after learning of the business's unpaid tax obligation shows willfulness. *See Turnbull*, 929 F.2d at 180. And "a responsible person who is found to have acted willfully for at least one quarter is a willful actor for preceding quarters, even

---

[3] Willfulness can also be proved by showing that "the responsible person act[ed] with reckless disregard of a known or obvious risk that the trust funds [would] not be remitted to the Government." *McClendon*, 892 F.3d at 783 (quoting *Mazo v. United States*, 591 F.2d 1151, 1155 (5th Cir. 1979)). Because the government did not claim that Stephen recklessly disregarded the risk that Family Practice's payroll tax would not be paid, the court does not address this theory.

8

if he was unaware of the unpaid payroll tax liability in those earlier quarters." *Arriondo*, 196 F. Supp. 3d at 724; *see Turnbull*, 929 F.2d at 180; *Wood v. United States*, 808 F.2d 411, 416 (5th Cir. 1987); *Mazo*, 591 F.2d at 1155–56.

"Encumbered funds" that fall outside the reach of § 6672 are "subject to restrictions imposed by a creditor holding a [higher] security interest in the funds . . . claimed by the" Internal Revenue Service. *Barnett*, 988 F.2d at 1458 (quoting *Honey v. United States*, 963 F.2d 1083, 1090 (8th Cir. 1992)). "[T]hose restrictions preclude a taxpayer from using the funds to pay the trust fund taxes." *Id.* Section 6672 liability "is limited to the amount of 'available, unencumbered funds deposited into [the business's] bank accounts after [the responsible person] became aware that the accrued withholding taxes were due.'" *McClendon*, 892 F.3d at 783 (quoting *Barnett*, 988 F.2d at 1459).

The record includes undisputed evidence of the unpaid trust-fund-recovery assessments that, according to the government, subject Stephen to § 6672 liability. *See Barnett*, 988 F.2d at 1453; (Docket Entry No. 66-5). The government argues that Stephen's failure to pay was willful because he was aware of the duty to withhold, account for, and deposit the payroll taxes; knew that Family Practice failed to satisfy its tax obligation in 2003; and signed checks to pay Family Practice's creditors—other than the Internal Revenue Service—after learning of the company's unpaid tax debt. (Docket Entry No. 66 at 11).

Stephen fails to identify or submit evidence raising a genuine factual dispute material to determining that he willfully failed to pay. The government's motion cites to deposition testimony, responses to interrogatories, and bank statements showing that Stephen knew of Family Practice's tax debt since 2003 and, after that, paid creditors other than the Internal Revenue Service. Instead

9

of rebutting the government's argument or citing to the record, Stephen did not respond.

A review of the government's evidence shows that Stephen willfully failed to pay the taxes owed. Stephen admits that he knew of the duty to pay the payroll taxes and was responsible for Family Practice's payroll. (Docket Entry No. 66-4 at 10: 6–19, 39: 4–11). He also admits that he paid creditors other than the Internal Revenue Service. (Docket Entry No. 66-4 at 19: 9–23; Docket Entry No. 66-6 at 2). The summary judgment evidence demonstrates that he made those payments during the period at issue. (Docket Entry No. 66-6 at 2; Docket Entry No. 66-7). Because Stephen was aware of the unpaid tax debt, could have paid it, and made payments to creditors other than the Internal Revenue Service, there is no genuine factual dispute material to finding that his failure to satisfy the company's tax obligation from July 2003 to December 2008 was willful.

## IV. Conclusion

The court grants the government's motion for summary judgment. (Docket Entry No. 66). Because Richard Stephen was a responsible person who willfully failed to pay Family Practice's payroll taxes from July 2003 to October 2008, he is indebted to the United States for $4,323,343.70 as of August 27, 2012, plus prejudgment and postjudgment interest.

SIGNED on January 22, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge